UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                   :

MIGUEL A. BAEZ,                       :        03 Civ. 4658 (RJH)

                    Plaintiff,         :

                                   :        **MEMORANDUM**
          - against -          :        **OPINION AND ORDER**

YAFF KAHANOWICZ,          :

                  Defendant.       :

------------------------------------------------------------x

Plaintiff Miguel Baez brings this action pro se under 42 U.S.C. § 1983 alleging that defendant Dr. Yaff Kahanowicz was deliberately indifferent in providing him medical care and violated his Eighth Amendment rights. Defendant now moves to dismiss the amended complaint on the grounds that it names the wrong defendant, that plaintiff failed to exhaust administrative remedies, and that service was improper. Because the Court finds that the named defendant had no involvement with plaintiff, and that plaintiff's failure to exhaust administrative remedies would bar his claims in any event, the Court is compelled to dismiss this action.

## BACKGROUND

For purposes of this motion, the factual allegations contained in plaintiff's amended complaint are taken to be true. On February 13, 2003,[1] while incarcerated at the Metropolitan

---

[1] While plaintiff states that the events alleged in his complaint took place in 2002, the Court finds this to be incorrect given the sequence of events leading to this lawsuit, and is supported in this determination by the opinion of Chief Judge Mukasey in this case stating that the relevant events took place in 2003. (Order of June 25, 2003 at 1.)

Correctional Center,[2] plaintiff fell off the top bunk of a bed and injured his right arm and wrist.  (Am. Compl. ¶¶ 17–20.)  After being examined and x-rayed, plaintiff was taken to a hospital, but a cast could not be applied because of severe swelling.  (*Id.* ¶¶ 24–33.)  Several days later, plaintiff was taken to an orthopedic doctor, who relied on the prior x-rays in placing his wrist in a cast.  (*Id.* ¶¶ 41–44.)  Plaintiff alleges that a new x-ray would have shown that his bones were healing improperly and needed to be reset, and would have avoided the intense pain he suffered for the duration of his recovery.  (*Id.* ¶¶ 46–50.)  When the cast was eventually removed in early April, plaintiff's hand was deformed and swollen and in pain.  (*Id.* ¶¶ 51–52.)  Plaintiff alleges that over the next month, he wrote "cop-outs," or informal complaints, to medical staff and the warden without any response.  (*Id.* ¶ 55.)  Eventually, he wrote a cop-out to assistant warden R. Powers, who took him to the medical clinic, where a doctor called his treating orthopedist and requested that the orthopedist come to see him.  (*Id.* ¶¶ 54–58.)  The orthopedist came to see plaintiff a week later and explained that it was necessary to perform surgery to correct the problem, but surgery was never performed.  (*Id.* ¶¶ 59–61.)  On June 5, 2003, plaintiff filed a BP-8[3] with a "counselor" concerning his wrist, but received no response.  (*Id.* ¶¶ 62–64.)

Sometime thereafter, plaintiff filed the initial complaint in this action and requested to proceed in forma pauperis.[4]  On June 25, 2003, Chief Judge Mukasey granted this request and directed the Clerk of Court to assign a docket number to plaintiff's request.  (Order of June 25, 2003 ("Order") at 1.)  In addition, Chief Judge Mukasey directed plaintiff to amend his

---

[2] The Metropolitan Correctional Center is a federal remand center located in downtown Manhattan and operated by the Federal Bureau of Prisons.

[3] A BP-8 is the initial, informal grievance filing required under the Federal Bureau of Prisons Administrative Remedy Program.

[4] In 2002, plaintiff had filed two other lawsuits in the District Court of the Southern District of New York concerning lack of adequate medical care.  *Baez v. Bureau of Prison's Warden*, 02 Civ. 5821 (PKC); *Baez v. Bureau of Prison's Warden*, 02 Civ. 9216 (PKC).  Both cases were dismissed without prejudice to allow plaintiff to exhaust administrative remedies.

complaint to give a detailed account of any inadequate medical care and to properly allege state action and exhaustion of administrative remedies.  (*Id.* at 1–5.)  The Order incorrectly stated that plaintiff must show he exhausted the New York City Department of Corrections inmate grievance procedures and then described those procedures, despite the fact that plaintiff was being held in a federal facility with a different grievance program.  On July 29, 2003, before filing the amended complaint and after being told that the "counselor" with whom he filed his BP-8 had failed to bring plaintiff the response, plaintiff filed a BP-9, or formal administrative remedy request with the "unit manager."  (Am. Compl. ¶¶ 65–66.)

On August 5, 2003, plaintiff filed the amended complaint as directed by Chief Judge Mukasey.  Because he was proceeding in forma pauperis, plaintiff was entitled to use the U.S. Marshall Service to effect process.  On October 6, 2003, a summons was issued and the docket reflects that service was effected by the U.S. Marshals on November 20, 2003, 107 days later.  However, the actual process receipt is ambiguous as to whether proper service was effected and the Court issued an order pointing out this ambiguity on January 27, 2004, ordering the plaintiff to write to the pro se office and update the Court.  Not until February 24, 2006, after additional orders from the Magistrate Judge to which the case had been referred, was proper service clearly effected.  Defendant filed this motion to dismiss in lieu of filing an answer.  Plaintiff filed no opposing papers.

## STANDARD OF REVIEW

A motion to dismiss submitted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 590 (2d Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  In

evaluating a motion to dismiss under Rule 12(b)(6), the Court "must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995) (citations omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The Court is normally confined to the complaint and "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)).

If a party submits additional evidence to the Court beyond these limits, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (quoting *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988)); *see also* Fed. R. Civ. P. 12(b);[5] 5C Wright & Miller, *Federal Practice and Procedure* § 1366. The motion presently pending before the Court seeks dismissal of the Complaint based, inter alia, on the identity of the defendant. Resolution of this issue requires the Court to consider an affidavit submitted by defendant that is not mentioned in the amended complaint or any of the pleadings. Recognizing this, defendant

---

[5] Rule 12(b) provides in relevant part:
> If, on a motion asserting the defense numbered (6) to dismiss for a failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

4

explicitly requests the Court to treat her motion as one for summary judgment in its Notice of Motion to Dismiss. Together with her motion, defendant served upon plaintiff a Notice to Pro Se Litigant Opposing Motion for Summary Judgment, as required by Local Civil Rules 12.1 and 56.2. This notice explains to plaintiff that he may not rest on his pleadings in opposing a motion for summary judgment.

While the Second Circuit has frequently "held that a district court ordinarily must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading," *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (citations omitted), "[t]he essential inquiry . . . is whether the non-movant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.'" *Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689 (2d Cir. 1990) (citations and internal quotation marks omitted). Here, defendant explicitly requested in her moving papers that the Court convert the motion and attached a notice to plaintiff as a pro se litigant of the consequences. Plaintiff can not reasonably be taken by surprise by a conversion of the instant motion to dismiss to one for summary judgment. *See National Assoc. of Pharmaceutical Mfrs., Inc. v. Ayerst Laboratories, Div. of/and American Home Products Corp.*, 850 F.2d 904, 911 (2d Cir. 1988) (holding non-movant on notice where motion was captioned "motion to dismiss *or, in the alternative, for summary judgment*.") Plaintiff had the opportunity to submit papers demonstrating both that defendant was the correct party, and that he had exhausted administrative remedies, but he failed to do so, or indeed, to file any opposition. The Court will therefore treat defendant's motion as one for summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "On a motion for summary judgment, the moving party has the burden of showing the absence of a genuine issue of material fact, and the district court's task is limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). In deciding such a motion, this Court "must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Id.*

## DISCUSSION

Defendant first asserts that she has never met or spoken to the plaintiff, nor treated any patients in any jail or prison, so she could not possibly be the proper party. (Physician Aff. ¶¶ 2, 4.) Furthermore, she is a board certified opthamologists, a branch of medicine relating to the treatment of diseases of the eye, and has never practiced orthopedic medicine. (*Id.* ¶ 3.) It appears from an interrogatory filed by plaintiff (Affirmation in Partial Opp'n to Pl.'s Motion to Lift Stay, Ex. C) and a letter in support of lifting the extant stay on discovery (Pl.'s Letter, Nov. 7, 2006) that he has conceded this point. This is an adequate showing to demonstrate that no genuine issue exists as to whether defendant is the actual party intended to be sued. Therefore, the Court grants defendant's motion for summary judgment.

Plaintiff appears to believe that the proper defendant is the husband of the named defendant, and that he works in the same office as his wife. He requests that the Court lift the discovery stay and require defendant to answer a two-page interrogatory that may clarify whether defendant's husband is the proper party. (Pltf. Affirmation, Nov. 3, 2006.)

Defendant opposes this request, arguing that it is improper to require an "innocent" individual to answer a discovery request. (Affirmation in Partial Opp'n to Pl's Mot. to Lift Stay, Oct. 24, 2006, at ¶ 12.) Because of the possibility that the named defendant and the proper defendant may be married, and the fact that the interrogatory consists of eight short questions that would take little time to complete, the Court is inclined to grant plaintiff's request and allow him to amend his complaint should the answers prove fruitful. *See* Fed. R. Civ. P. 15(a) ("[L]eave [to amend] shall be freely given when the justice so requires."); *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984) (pro se litigant "should be afforded every reasonable opportunity to demonstrate that he has a valid claim"). However, the Court should not grant plaintiff leave to amend (and direct defendant to answer the interrogatory) if the amendment would be futile because the newly amended complaint would be subject to dismissal. *See Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (An "appropriate basis for denying leave to amend is that the proposed amendment is futile."). A newly amended complaint may be subject to dismissal on two grounds: statute of limitations and failure to exhaust administrative remedies.

1.      **Statute of Limitations**

The applicable statute of limitations for § 1983 claims in New York is three years, which begins to run from the moment plaintiff is aware of the injury on which the claim is based. *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 331–32 (2d Cir. 1997). Plaintiff was aware of the injuries on which his claim is based no later than April 2003, when the cast was removed. Therefore, the assertion of a § 1983 claim against a newly added defendant would be time-barred unless it "relates back" to the initial amended complaint, which was timely filed. *See* Fed. R. Civ. P. 15(c); *VKK Corp. v. Nat'l Football League*, 244

F.3d 114, 128 (2d Cir. 2001) ("If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint.").

Under Rules 15(c)(2) and (3) of the Federal Rules of Civil Procedure, an amendment changing the name of a defendant relates back to the original pleading if the claims against the new party arise out of the same conduct or occurrence set forth in the original pleading, and, "within the period provided by Rule 4(m) for service of the summons and complaint," the new defendant (1) had received such *notice* of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a *mistake* concerning the identity of the proper party, the action would have been brought against the new defendant. Fed. R. Civ. P. 15(c)(2)–(3). *See Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 35 (2d Cir. 1996) (separately analyzing whether pleading error was a "mistake" and whether there was "prejudice" for purposes of relation back doctrine).

Here, the claim plaintiff seeks to assert against the new defendant clearly arises out of the same conduct set forth in the initial amended complaint. Furthermore, the error was the result of a factual mistake as to the identity of the person plaintiff wished to sue within the meaning of Rule 15(c)(3)(B). *See Vasquez v. Mill*, No. 03 Civ. 3905 (RJH), 2006 WL 2789914, at *4 (S.D.N.Y. Sept. 25, 2006) (finding a mistake with the meaning of Rule 15(c)(3)(B) where plaintiff identified by name several government agents, but subsequently learned in motion to dismiss that identified individuals were not the arresting officers). The crucial question, then, is whether within the time limit set forth in Rule 4(m)[6] the new party,

---

[6] Rule 15(c) requires that notice to the correct defendant be provided within the time allowed by Rule 4(m), usually 120 days from the filing of the complaint. However, the Advisory Notes submitted with this amendment state that "this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule." Fed. R. Civ. P. 15 Advisory Committee's Notes to

8

who may or may not be named defendant's husband, received such notice of the action that he will not be prejudiced in his defense and knew or should have known that, but for a mistake of identity, the action would have been brought against him.  While actual notice is preferable, constructive notice has also been held to be sufficient to satisfy the relation back doctrine. For example, notice has been imputed to a new defendant when he shares an attorney with the named defendant, such as when both defendants are government officials represented by the same government attorney, *see, e.g., Scott v. Coughlin,* 944 F. Supp. 266, 270 (S.D.N.Y. 1996); *Hood v. City of New York*, 739 F.Supp. 196 (S.D.N.Y. 1990); notice has been imputed to the president of named defendant corporation who was at center of plaintiff's initial allegations, *see Sounds Express Int'l Ltd. v. American Themes & Tapes, Inc.*, 101 F.R.D. 694 (S.D.N.Y. 1984); and notice has been imputed to the estate of named individual defendant, *see American High-Income Trust v. Alliedsignal*, 329 F.Supp.2d 534 (S.D.N.Y. 2004).

With the evidence now before the Court, it is impossible to determine whether an amendment to change the captioned defendant should relate back.  The interrogatory filed by plaintiff seeks to establish whether the proper defendant and the named defendant are husband and wife and whether they work in the same office building.  If both of these allegations are accurate, then it is certainly possible that the proper defendant had actual notice of this lawsuit, and knew that he should have been the named defendant.  The following questions cannot yet be answered, but are necessary to determine whether the relation back doctrine should apply: did the proper defendant have actual or constructive notice of the lawsuit within the time limit set forth in Rule 4(m) and any extensions granted by this Court; did he know that the lawsuit would have been filed against him, but for the mistake of the plaintiff; will he

---

1991 Amendment 658 (1992).  In this case, in light of the fact that plaintiff was incarcerated, pro se, and actively seeking pro bono counsel, the Court granted extensions on effecting proper service.  Therefore, the Court does not rest on timeliness grounds to deny application of the relation back doctrine.

be prejudiced in preparing his defense because of the delay? With more facts before the Court on the reason for the delay in service, and therefore the delay in discovering the defect, the Court will also be better situated to determine whether the case should be dismissed for improper service, as argued by defendant. Also relevant is whether named defendant herself had notice of the lawsuit before she states service was finally effected, and delayed in correcting the mistake. Were there no other considerations, the Court would order defendant to respond to the limited interrogatory, grant plaintiff leave to amend, and decide the new defendant's motion based on the statute of limitations with a more developed factual record.

### 2.     **Failure to Exhaust Administrative Remedies**

However, even if the Court were to eventually find that the amendment relates back to the timely filed complaint and thus is within the statute of limitations, the newly amended complaint would still be barred by plaintiff's failure to exhaust his administrative remedies. Chief Judge Mukasey specifically advised plaintiff that he must have exhausted his administrative remedies prior to filing his complaint pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."), although he detailed the wrong administrative grievance system. This requirement "applies to all inmate suits about prison life, whether they involve general or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nuzzle*, 534 U.S. 516, 532 (2002). Although the complaint of a pro se plaintiff should be read liberally, the exhaustion requirement still applies, especially where plaintiff has the benefit of an opinion instructing him to allege exhaustion of administrative remedies. *See, e.g., Petrusch v. Oliloushi*, No. 03 Civ. 6369,

10

2005 WL 2420352 (W.D.N.Y. Sept. 30, 2005) (granting defendant's motion for summary judgment where pro se plaintiff had not exhausted administrative remedies as required by § 1997e(a)); *Taylor v. N.Y. State Dep't of Corr.*, No. 03 Civ. 1929 (PKC), 2004 WL 2979910 (S.D.N.Y. Dec. 22, 2004) (granting defendant's motion to dismiss where pro se plaintiff had not exhausted administrative remedies despite being instructed to do so in an order by Chief Judge Mukasey).

The inmate grievance program required for prisoners held by the Federal Bureau of Prisons is laid out in 28 C.F.R. part 542. The first step is to submit a BP-8, or informal grievance, to prison staff. If the inmate is unable to resolve the complaint informally, the inmate must file an Administrative Remedy Request, or BP-9, with the Warden, who has 20 days to respond. The inmate may then appeal the Warden's decision to the Regional Director, who has 30 days to respond. If the inmate is still not satisfied, he may appeal that decision to the General Counsel, who has 40 days to respond. If an inmate does not receive a response or notice of extension within the allotted time, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18 (2006). A prisoner must completely exhaust the administrative remedies to the highest level for each claim he seeks to present. *See Santiago v. Meinsen*, 89 F.Supp.2d 435, 440 (S.D.N.Y. 2000). Moreover, a claim must be completely exhausted *prior* to commencing suit. It is insufficient to take only limited steps towards exhaustion before commencing the suit, or even to exhaust a claim entirely during the pendency of the case. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *overruled on other grounds by Porter*, 534 U.S. 516 (2002) ("Subsequent exhaustion after suit is filed therefore is insufficient."). All administrative remedies must be pursued, even if the prisoner is ultimately time-barred, or the relief sought in court cannot be awarded in the administrative proceeding.

*See Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004) ("[P]risoners may not circumvent the exhaustion requirement simply by waiting to bring a Section 1983 action until their administrative complaints are time-barred."); *Santiago*, 89 F.Supp.2d at 440 ("[E]xhaustion requirement applies even where the plaintiff is seeking money damages which are not available at the inmate grievance level.").

Plaintiff alleges he submitted a number of cop-outs to prison staff, filed a BP-8, and filed a BP-9 (after the commencement of this litigation). While he did take the first step of filing a BP-8 before commencement of this lawsuit, his actions are insufficient to satisfy the requirements of the administrative remedy program for federal prisoners. As the Second Circuit held in *Neal*, a prisoner must exhaust all grievance steps prior to filing suit, and plaintiff still had three more steps remaining at the time of filing. Allowing prisoners to proceed in federal court, so long as they eventually fulfill the exhaustion requirement, undermines Congress' intent to allow the prison system a first opportunity to remedy grievances. *See Neal*, 267 F.3d at 123. Plaintiff's only explanation in the Amended Complaint is that he "does not understand this procedure and does not speak or understand the English language." (Am. Compl. ¶ 8.) While this unfamiliarity with the English language is sufficient to merit assistance in filing appeals, *see* 28 C.F.R. § 542.16, it does not amount to a special circumstance justifying departure from the exhaustion requirement of the Prison Litigation Reform Act. Plaintiff was able to fill out cop-outs, a BP-8 and a BP-9, and was able to file or procure assistance to file a complaint seeking remedy in federal court. Plaintiff makes no allegations that he was denied assistance or translation in pursuing his administrative remedies. *Compare Sosa v. Cleaver*, 2005 U.S. Dist. LEXIS 9541, 2005 WL 1205119, at *3 (D. Conn. May 18, 2005) (lack of translation of inmate handbook not special

12

circumstance to justify failure to exhaust; plaintiff had filed numerous other grievances as well as complaint in that case in English) *with Hemphill v. New York*, 380 F.3d 680, 690–91 (threats of retaliation by prison officials for filing grievance is special circumstance).  As it is clear that plaintiff did not exhaust his administrative remedies prior to filing this action and no special circumstances justify this failure, dismissal of this complaint is appropriate.

It is customary for such a dismissal to be without prejudice to refile, so as to permit plaintiff to exhaust administrative remedies (if not already exhausted subsequent to the filing of the initial suit) and then reinstate the suit.  *See, e.g., Neal*, 267 F.3d 123; *Flores v. N.Y. City Health and Hosps. Corp.*, No. 02 Civ. 6058 (DC), 2003 WL 21709512, at *2 (S.D.N.Y. July 22, 2003).  However, dismissal without prejudice is inappropriate here, whether or not plaintiff successfully exhausted his administrative remedies subsequent to filing the amended complaint in August 2003.  If plaintiff failed to do so, it is too late to exhaust administrative remedies now and his failure to exhaust in a timely fashion does not excuse him from the administrative exhaustion requirement.  *See Giano*, 380 F.3d at 677.  Even if plaintiff successfully exhausted his administrative remedies after filing this lawsuit, he would be barred by the three-year statute of limitations from reinstituting this suit.[7]  Because this and any subsequently amended or reinstituted complaint is subject to dismissal for failure to exhaust administrative remedies, it would be futile to grant plaintiff leave to amend or allow him to reinstitute the suit.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss and for summary judgment [21] is granted and she is excused from answering plaintiff's interrogatory.  Plaintiff is denied

---

[7] Nor is the relation-back doctrine helpful to plaintiff in such a situation, because it applies only to amendments to complaints and not reinstituted lawsuits.

leave to amend and his amended complaint [4] is dismissed with prejudice. The Clerk of Court may close the case.

SO ORDERED.

Dated: New York, New York
January 16, 2007

                                                    Richard J. Holwell
                                                    United States District Judge